# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
On Remand From the Supreme Court

## STATE OF TENNESSEE v. RANDALL T. BEATY

**Appeal from the Criminal Court for Sumner County**
**No. 1562012      Dee David Gay, Judge**

_____

**No. M2014-00130-CCA-R3-CD – Filed November 8, 2016**

_____

THOMAS T. WOODALL, P.J., concurring in part and dissenting in part.

I respectfully dissent from that portion of the majority's opinion which modifies a judgment to impose a conviction for a lesser included offense even though there is legally sufficient evidence to sustain the conviction for the greater offense. I concur in all other aspects of the majority's opinion.

In the pertinent judgment imposed by the trial court, Defendant was convicted of Class C felony aggravated assault. The jury's verdict found Defendant guilty of aggravated assault, but due to the trial court's error in failing to differentiate in the verdict forms Class C aggravated assault from its lesser included offense of Class D aggravated assault, it is unknown which level of aggravated assault was found by the jury.

All members of this panel agree that sufficient evidence was presented by the State to sustain a conviction for Class C aggravated assault. The trial court committed reversible error by failing in this case to provide correct jury verdict forms. The proper remedy for a trial court's error under such circumstances is a reversal of the conviction and a remand for a new trial. In my opinion the appropriate remedy is not a reversal of a conviction for the greater offense and dismissal of the greater offense with prejudice, which is what the majority opinion sanctions, albeit with imposition of a conviction for a lesser included offense.

For reasons not clear in the record, the State strongly urges on appeal that the proper remedy for the trial court's error is for this Court to authorize abandonment of a charge, for which we have found that legally sufficient evidence exists, and imposition of a conviction for a lesser included offense. I have to conclude that for whatever reason(s), the State simply does not want to have to go to trial again.

A defendant has a right to go to trial in any criminal charge pending against him or her. *State v. Garrison*, 40 S.W.3d 426, 432 (Tenn. 2000)(Under the U.S. and Tennessee Constitutions, a defendant has a right to trial by a jury). Defendant's counsel in this case joins in the effort with the State for this court to impose a conviction for the lesser included offense. However, Defendant is unable to personally waive his right to trial to the charge of Class C felony aggravated assault and all its lesser included offenses in this appellate court as such procedure is appropriate only in the trial court.

I disagree with the majority's conclusion that *State v. Holland*, 860 S.W.2d 53 (Tenn. Crim. App. 1993) "provides authority for this court to modify convictions, even convictions supported by sufficient evidence, to do substantial justice." In *Holland*, this court was required *by statute* to modify a conviction from especially aggravated burglary to the lesser included offense of aggravated burglary. *Id*. at 60. Because neither side in *Holland* raised this issue, this court had to recognize the mistake as "plain error," under the then applicable language found in Tennessee Rule of Criminal Procedure 52. I respectfully submit that this court's language in *Holland*, that it was modifying the conviction "to do substantial justice" referred to addressing the error as plain error, and *not* to reducing a conviction to a lesser included offense. In other words, the remedy in *Holland* was fashioned because of the applicable mandatory statutory language and not because of a "need" to do substantial justice. *See Holland, Id*.

Finally, I feel that the majority's remedy for the trial court's reversible error in this case violates a provision of Tennessee Rule of Appellate Procedure 36(a). An appellate court is prohibited from granting relief "in contravention of the province of the trier of fact." *Id*. We have concluded that there was legally sufficient evidence presented to sustain a conviction for Class C aggravated assault. Because of the trial court's error, no one (outside of the members of the jury, who cannot now be questioned) knows if the jury found Defendant guilty of Class C or Class D aggravated assault. I respectfully conclude that the majority's ruling is "in contravention of the province of the trier of fact."

The proper remedy would be to reverse the conviction for Class C aggravated assault and remand to the trial court for a new trial. If the State does not desire to proceed with another trial, it could attempt to enter into a negotiated plea agreement with Defendant, or ask the trial court to dismiss all charges as to the pertinent count. However, this procedure must be done in the trial court and not the appellate court. As the issue of whether knowing aggravated assault is a lesser included offense of reckless homicide is not before the court, I decline to address that issue.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

2